IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HOSEA L. KENDRICK                                                                                       PLAINTIFF

v.                                    Civil No. 4:19-cv-4039

ROBERT MISSY, Jail Administrator;
KAREN GHORMLEY, Acting Jail
Administrator; and ANTHONY S.
BIDDLE, Managing Public Defender,
Eighth Judicial District                                                                              DEFENDANTS

## ORDER

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Hosea L. Kendrick. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I.     BACKGROUND

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on April 11, 2019. (ECF No. 1). Plaintiff's *in forma pauperis* application was granted on April 26, 2019. (ECF No. 6). In response to this Court's order, Plaintiff filed an Amended Complaint on June 10, 2019. (ECF No. 15).

Plaintiff is currently incarcerated in the Arkansas Department of Correction – East Arkansas Regional Unit. The events at issue allegedly occurred while he was incarcerated in the Nevada County Detention Center ("NCDC") in 2019. Plaintiff has named the following individuals as Defendants in his Amended Complaint: Robert Missy, the Jail Administrator for the NCDC; Karen Ghormley, the acting Jail Administrator for the NCDC; and Anthony S. Biddle, Plaintiff's public defender.

Plaintiff alleges that in February 2019, "while in the Nevada County Jail, the Jail staff informed the inmates that we were not allowed to make lawyer call. So I filed a 1983 form because I felt like our rights was being violated." (ECF No. 15, p. 4). Plaintiff alleges further that his Fourth, Eighth, and due process rights were violated. Plaintiff proceeds against Defendants in their individual and official capacities, seeking compensatory and punitive damages, along with the termination of Defendants' employment.

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen this case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

The Court will separately address Plaintiff's individual capacity claims against Defendant Biddle and Defendants Missy and Ghormley. The Court will then address Plaintiff's official capacity claims.

### A. Defendant Anthony Biddle

Defendant Biddle served as Plaintiff's public defender during his criminal proceedings. A section 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings." *Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981).

Plaintiff has not alleged that Defendant Biddle acted outside a lawyer's traditional functions as defense counsel at any time.[1] Thus, under Plaintiff's alleged facts, Defendant Biddle was not acting under color of state law while representing Plaintiff. Accordingly, Defendant Biddle is not subject to suit under section 1983.[2] For this reason, the Court finds Plaintiff has failed to state cognizable claims under section 1983 against Defendant Biddle. This claim shall be dismissed.

### B. Defendants Missy and Ghormley

Plaintiff alleges that the "jail staff" at the NCDC informed the inmates that they were not allowed to call their lawyers. The Court construes this to be a claim against Defendants Missy and Ghormley for denial of meaningful access to the courts. As set forth below, this claim must be dismissed for failure to state a claim.

"[L]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his]

---

[1] For that matter, Plaintiff's Amended Complaint does not allege any facts regarding Defendant Biddle.

[2] To the extent that Defendant Biddle is subject to suit under section 1983, the Court finds that a denial of access to the courts claim against him would fail to state a claim and should be dismissed for the same reasons stated below with respect to Defendants Missy and Ghormley.

constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted).

Plaintiff has failed to state facts showing that Defendants Missy or Ghormley had any personal involvement in denying Plaintiff's phone calls to his attorney. Instead he alleges only that the "jail staff" informed the NCDC inmates that they were not "allowed to make a lawyer call." Plaintiff's reference to "jail staff" as responsible defendants for his denial of access to courts claim must be disregarded. *See* Fed. R. Civ. P. 8; *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Plaintiff was directed by this Court to specifically name the individual defendants who violated his rights and affirmatively link the conduct of each named Defendant with the specific injury he suffered in his Amended Complaint. He was also informed that failure to do so would result in dismissal of those claims. (ECF No. 9, p. 2). Plaintiff failed to specifically link Defendants Missy or Ghormley's alleged conduct to the specific injury suffered. For this reason alone, Plaintiff's claim against these Defendants should be dismissed. However, even assuming *arguendo* that this claim should not be dismissed for failure to affirmatively link Defendants Missy and Ghormley to Plaintiff's alleged injury, the claim nonetheless fails to state a claim and should be dismissed.

The Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Nevertheless, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with meaningful access to the courts. *See Bear v. Fayram*, 650 F.3d 1120, 1123 (8th Cir. 2011) (stating that the constitutional requirement of access to the courts may be satisfied in a number of ways including, prison libraries,

4

jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods).

However, an inmate has no standing to pursue an access denial claim unless he can demonstrate he suffered prejudice or actual injury as a result of the prison officials' conduct. *See Lewis*, 518 U.S. at 351-352; *Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (stating that, to prevail on access-to-courts claims, an inmate must show actual injury or prejudice even if denial of access to library is complete and systematic). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish that the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

Plaintiff alleges that the jail staff informed the inmates at the NCDC that they were not allowed to make phone calls to their lawyers, "so [Plaintiff] filed a 1983 form because [he] felt like [the inmates'] rights were being violated."[3] Plaintiff does not claim that he suffered any actual injury or prejudice from being denied phone calls to his attorney in February 2019.[4] Accordingly, Plaintiff has failed to state a claim against Defendants Missy and Ghormley based on denial of access to the courts and that claim should be dismissed.

---

[3] To the extent that Plaintiff means to assert a claim on behalf of other inmates at the NCDC, that claim would fail and should be dismissed because prisoners lack standing to bring claims on behalf of other prisoners. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[4] Plaintiff was specifically ordered by the Court to describe in his Amended Complaint what specific injury he suffered because of Defendants' alleged misconduct. (ECF No. 9, p. 2). Plaintiff was warned that failure to do so would result in dismissal of his case for failure to state a claim. *Id.*

### C. Official Capacity Claims

Plaintiff also proceeds against Defendants Missy and Ghormley in their official capacities. Under section 1983, a defendant may be sued in either his individual capacity, his official capacity, or both. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Plaintiff's official capacity claims against Defendants Missy and Ghormley are treated as claims against Nevada County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Nevada County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Plaintiff has not identified any policy, custom, or practice of Nevada County in his Amended Complaint which contributed to a violation of his rights. Accordingly, all official capacity claims shall be dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's individual capacity claim against Defendant Biddle is **DISMISSED WITH PREJUDICE** and his individual capacity claims against Defendants Missy and Ghormley are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii). Plaintiff's official capacity claims against Defendants are **DISMISSED WITHOUT PREJUDICE**.

The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is **DIRECTED** to place a section 1915 strike flag on this case. The Court finds further, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

**IT IS SO ORDERED**, this 18th day of June, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge